## No. 9703.

### THE STATE OF LOUISIANA VS. GEORGE HARRISON.

A party who has been arraigned, even though it be on the very day of his trial, and who goes to trial without objecting to the lateness of the time at which he was arraigned, cannot take advantage of the alleged irregularity after trial, by means of a motion for a new trial.

The order of the trial judge separating the witnesses during the trial, falls within the legal discretion vested by law in trial courts, and a modification of the same by the judge, within reasonable bounds, will not be disturbed on appeal.

APPEAL from the First District Court, Parish of Caddo. *Hicks*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*C. C. Henderson* and *D. T. Land* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. This appeal is taken from a sentence of death on a conviction of murder.

It brings up two points, by means of a bill of exceptions and a motion for a new trial.

The latter complaint involves an alleged error in having the accused arraigned on the very day of his trial. As the record shows that he was arraigned, it follows that issue had been joined between the State and himself; hence, it cannot be argued that no issue had been joined. State vs. Epps, 27 Ann. 227.

The complaint is therefore restricted to the lateness of the arraignment. If the accused felt injured by that course, he should have then objected to going to trial, and after a showing of the alleged injury, he should have taken a bill from the ruling of the judge refusing a postponement of the trial.

That objection is similar to a motion for a continuance, and it cannot avail as a motion for a new trial, in the absence of a timely application for further time before trial. An accused who has been arraigned and has thus joined issue with the State, though it be on the very day set apart for his trial, and goes to trial without objection and without requiring further time after arraignment and before trial, cannot be heard on a motion for a new trial, to urge that alleged irregularity.

In all the cases in which our reports treat of the question of the proper time of arraigning the accused, it appears that objection was made before going to trial.

In his bill the accused charges error in the ruling of the trial judge, who overruled an objection to the competency of a State witness, for

the reason that the witness had remained in court during the examination of the other witnesses, in violation of the order of the court sequestering all the witnesses in the case.

It appears from the bill that the witness was an officer of the law and had made the arrest in the case, and that he was not aware, and that the district attorney himself was then ignorant of the fact that his testimony would be needed in the case. Under these circumstances, the judge would have erred in excluding the testimony of the witness. State vs. Gregory, 33 Ann. 737.

In rulings involving similar questions, which properly belong to the proper discipline of their courts, the discretion vested by law in district judges will not be interfered with, except in extreme cases, rarely to occur, of arbitrary rulings operating great wrong to either party. State vs. Watson, 36 Ann. 148.

An almost identical point was presented in Ford's case, 37 Ann. 463, and in disposing of the argument thereon, we said:

"The order to separate witnesses is not one of right, and its modification by the judge, within reasonable bounds, will not be disturbed on appeal." See also Bishop Crim. Procedure, 2d ed., vol. 1, secs. 1086, 1087, 1088; and State vs. Revels, 34 Ann. 383.

The record discloses no error to the prejudice of the accused, who can therefore obtain no relief through his appeal.

Judgment affirmed.